**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY MACK LEONARD, | CASE NO. 1:09-cv-00339-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| PAM AHLIN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

### I.  Screening Requirement

Plaintiff Harvey Mack Leonard ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, housed at Coalinga State Hospital, filed this action on February 24, 2009.  (Doc. 1.)

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

On February 13, 2009, Plaintiff received two letters in the mail containing blank money orders. Plaintiff wrote payee names on both money orders and placed them in the office outgoing mailbox. (Doc. 1, Comp., p. 4.) Defendant Coffey inspected the sealed envelope. (Id., § IV.) Defendant Coffey told Plaintiff that he was taking the letter to the supervisor. Defendant Corona, acting supervisor, allegedly told Plaintiff that he did not have a right to sign a money order and pay his college program bill. Defendant Corona put the envelope on the unit supervisor's desk for her to decide what to do with it when she returned the following week. (Id., p. 4.) Plaintiff alleges that when he objected, Defendant Corona took his identification card from him. (Id., § IV.) Since the identification card was taken away, Plaintiff was unable to leave the unit to walk as ordered by his physician. (Id., p. 4.)

On February 17, 2009, at approximately 9:20 a.m., Plaintiff met with Defendant Morrisey, the unit supervisor. Plaintiff explained what had occurred regarding his mail and identification card. Defendant Morrisey told him that his mail was not on her desk and she did not know where it was. Plaintiff asked that his identification card be returned so that he could walk as ordered by his doctor. Defendant Morrisey told Plaintiff that she was not going to return his identification card at that time. When Plaintiff asked her to get his mail and return it to him, Defendant Morrisey told him he was getting out of control. Plaintiff responded that he was going to sue because the hospital was trying to cause him to have another heart attack. (Id., p. 6.)

Later that same morning, Defendant Morrisey came to see Plaintiff and told him that he had two choices. He could open the letter and remove the money order so it could be placed in the trust

office or the letter could be placed with his property. (Id.) Defendant Morrisey told Plaintiff that she would see what she could do to get his identification card returned. She returned Plaintiff's identification card at 2:30 p.m. that same day. Plaintiff alleges that he told Defendant Morrisey that his chest pain was severe and he needed the identification card so he could walk and get some fresh air. (Id., p. 7.)

Plaintiff brings suit against Defendants Ahlin, Coffey, Corona, and Morrisey for violations of his due process rights arising from taking his mail and withholding his identification card for five days, alleging the stress caused him to have chest pain. (Id., § IV.) He also alleges that Defendants are denying him his right to manage his personal finances and are medically indifferent to his health needs. (Id., p. 7.) He is seeking compensatory damages of $1,000,000 and punitive damages of $10,000,000. (Id., § V.)

**III.  Discussion**

    **A.  Legal Standard**

Although an individual has been properly committed, he still has substantive liberty interests protected by the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Where a civil detainee is confined "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). A civil detainee is entitled to be confined in conditions that are "not intended to be punitive, excessive in relation to their non-punitive purpose, or employed for purposes that could be achieved by less harsh methods." Jones, 393 F.3d at 936. The conditions under which the civil detainee is confined may serve legitimate, non-punitive government interests, including maintaining security and effective management of the facility. Jones, 393 F.3d at 932.

    **B.  Mail**

A civil detainee does have a right to communicate by mail that is protected by the First Amendment. Procunier v. Martinez, 416 U.S. 396, 418 (1974); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, state officials may examine a detainee's mail without necessarily infringing upon his constitutional rights. See United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir.

1971). Officials may also inspect outgoing mail for contraband. Witherow, 52 F.3d at 265. Plaintiff's rights as a detainee do not include an absolute right to delivery of his mail without inspection. The allegation that Defendant Coffee inspected Plaintiff's mail fails to state a cognizable claim, as the facts do not suggest an impermissible intrusion. Iqbal, 129 S. Ct. at 1945-50; see also Bell v. Wolfish, 441 U.S. 520, 549-53 (1979).

### C. Money Order

Plaintiff alleges that his money order was taken and placed on a supervisor's desk for a week until she decided what to do with it. (Doc. 1, Comp., p. 7.) It appears from the complaint that Plaintiff was not allowed to mail the money order, allegedly violating his right to manage his own financial affairs pursuant to the Patient Bill of Rights. (Id., p. 6.) A violation of the hospital's Patient Bill of Rights is not sufficient to support a claim under section 1983, and Plaintiff has not otherwise identified any rights protected under federal law.

### D. Identification Card

Plaintiff alleges that hospital officials confiscated his identification card in violation of his constitutional rights. Civil detainees have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Where the state authorizes the deprivation of property by a policy or procedure it is actionable under the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982); Hudson v. Palmer, 468 U.S. 517, 532 (1984). However, deprivation of property caused by a negligent or random, unauthorized act of a state employee does not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533; see Parratt v. Taylor, 451 U.S. 527 (1981). There is an adequate state remedy under California law for any property deprivation suffered by Plaintiff. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

While civil detainees do have an interest in their personal property, the card at issue is the property of Coalinga State Hospital. (Doc. 1, Comp., p. 8.) Further, a random, unauthorized deprivation provides no basis to pursue a due process claim. Hudson, 468 U.S. at 533.

### E. Exercise

Plaintiff alleges that he was denied the opportunity to walk the halls due to the identification

4

card being taken by Defendant Corona. (Doc. 1, Comp., § IV.) "[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (quoting Frazier v. Ward, 426 F.Supp 1354, 1367-69 (N.D.N.Y. 1977)). To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would violate the Eighth Amendment rights of the prisoner. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). As a detainee, Plaintiff is entitled to even more considerate treatment. Youngberg, 457 U.S. at 321-22. However, Plaintiff's allegation that he was denied the opportunity to walk the halls for five days does not rise to the level of a constitutional violation.

    **F.**  **Medical Care**

   Plaintiff alleges that he "showed them he had a doctor['s order] to walk" but was not allowed to leave the unit without an identification card. (Doc. 1, Comp., p. 4.) He claims medical indifference to his health because of the withholding of the identification card. (Id., p. 7.) A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. While a civil detainee is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23.

   While Plaintiff is alleging that officials were indifferent to his medical needs, according to the complaint he never requested medical attention. On September 13, 2009, Plaintiff told "them" that he had a doctor's note. When Plaintiff told Defendant Morrisey that he needed the identification card back so he could walk, she provided it to him approximately five hours later. There are no facts alleged to indicate that any individual was aware of a medical need or that any individual acted to deprive Plaintiff of any right guaranteed under the Constitution.

    **G.**  **Supervisor Liability**

   Government officials may not be held liable for the actions of their subordinates under a

5

theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his or her own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff names Defendant Ahlin, acting director at Corcoran State Hospital, but does not include any allegations to link her to any individual act or omission that violates Plaintiff's federal rights.

## IV.     Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed February 24, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **October 26, 2010**          /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE