UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY MACK LEONARD, | 1:09-cv-00339-OWW-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| PAM AHLIN, et al., | (Doc. 9.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I. BACKGROUND**

Harvey Mack Leonard ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed the Complaint commencing this action on February 24, 2009. (Doc. 1.) On October 26, 2010, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On November 3, 2010, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 9.)

**II. SCREENING REQUIREMENT**

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is a civil detainee currently housed at Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Pam Ahlin (Director, CSH), Gary Coffey (Dept. of Police Services #2027), Ofelia Corona (Acting Unit Supervisor of Unit 10, CSH), and Theresa Morrisey (Unit Supervisor of Unit 10, CSH), for interference with his mail and violations of his rights to due process, equal protection, and medical care. Plaintiff alleges as follows.

On February 13, 2009, defendant Gary Coffey opened and inspected Plaintiff's incoming mail, then handed the mail to Plaintiff. Plaintiff's mail included two letters, one from his brother and one from his girlfriend, each with an enclosed blank $7.00 money order. The money order from Plaintiff's brother was meant to pay for Plaintiff's community college health fee, and the money order from Plaintiff's girlfriend was meant to make a payment for one of Plaintiff's friends. Plaintiff filled out the money orders and placed them in a stamped envelope addressed to Coastline Community College, which defendant Coffey inspected while it was open. Plaintiff sealed the envelope and gave it to defendant Coffey who placed it in the outgoing mail box as Plaintiff

1   watched. Defendant Coffey returned later and told Plaintiff that he had taken Plaintiff's outgoing
2   mail and was holding it for review by the Unit 10 Supervisor.

3   The Acting Unit Supervisor, defendant Ofelia Corona, told Plaintiff that he did not have the
4   right to sign a money order to pay his bill, and that she would place Plaintiff's mail on the Unit-10
5   Supervisor's (Theresa Morrisey) desk for a decision when she (Morrisey) returned to work the next
6   week. When Plaintiff objected to his mail being taken from the mail box, defendant Corona
7   confiscated Plaintiff's ID/Canteen Card. This caused Plaintiff to suffer severe chest pain and stress
8   which lasted for five days, without relief from any of the CSH staff.

9   On February 17, 2009, Plaintiff informally met with defendant Unit-10 Supervisor Theresa
10  Morrisey about the February 13, 2009 events. Plaintiff told Morrisey that he (Plaintiff) needed his
11  ID Card so that he could take walks for his health as he had been experiencing chest pain. At first
12  she refused, but later that day Morrisey returned the ID Card to Plaintiff after Plaintiff threatened to
13  file a civil complaint. With regard to Plaintiff's outgoing mail, Morrisey told Plaintiff he had to
14  make a choice: either open the envelope and give Morrisey the money orders to deposit in Plaintiff's
15  trust account, or Morrisey would place it with Plaintiff's property in storage at CSH. Plaintiff told
16  Morrisey that because the mail had been placed in the post office box, it was now the property of the
17  post office, and Plaintiff could not open it without breaking the law. Morrisey said she would look
18  into the matter.

19  Plaintiff seeks monetary damages.

20  **IV.   PLAINTIFF'S CLAIMS**

21  The Civil Rights Act under which this action was filed provides:

22  > Every person who, under color of [state law] . . . subjects, or causes
    > to be subjected, any citizen of the United States . . . to the deprivation
23  > of any rights, privileges, or immunities secured by the Constitution .
    > . . shall be liable to the party injured in an action at law, suit in equity,
24  > or other proper proceeding for redress.

25  42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
26  Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
27  (internal quotations omitted). "To the extent that the violation of a state law amounts to the
28  ///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Defendant Ahlin – Personal Participation

Plaintiff alleges that defendant Pam Ahlin, Director of CSH, is liable for the acts of her employees who adhered to Ahlin's current operating manuals, violating Plaintiff's constitutional rights. Plaintiff contends that defendant Ahlin knew or should have known that Plaintiff's rights were being violated because of her current operating manuals, and she should have acted to correct the injustice.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1194-95 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged sufficient facts indicating that defendant Ahlin personally participated in the alleged deprivation of his constitutional rights. Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983, see Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993), and courts "are not required to indulge unwarranted inferences," Wal-Mart Stores, 572 F.3d at 681. Therefore, Plaintiff fails to state a claim upon which relief can be granted under § 1983 against defendant Ahlin.

///

///

B.  **Due Process – Confiscation of ID Card**

Plaintiff claims that his due process rights were violated when defendants confiscated his ID/Canteen Card, without notice, and did not return it to him for five days.

Civil detainees have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Where the state authorizes the deprivation of property by a policy or procedure it is actionable under the Due Process Clause. Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982); Hudson v. Palmer, 468 U.S. 517, 532 (1984). However, deprivation of property caused by a negligent or random, unauthorized act of a state employee does not violate "the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Id. at 533; see Parratt v. Taylor, 451 U.S. 527 (1981). There is an adequate state remedy under California law for any property deprivation suffered by Plaintiff. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff has alleged that defendants were unauthorized to take and retain his ID/Canteen Card. A random, unauthorized deprivation of property provides no basis to pursue a due process claim, Hudson, 468 U.S. at 533. Moreover, the ID Card at issue is the property of Coalinga State Hospital and not Plaintiff's personal property.[2] Therefore, Plaintiff fails to state a due process claim for the confiscation of his ID/Canteen card.

C.  **Section 1983 - Medical Care**

Plaintiff alleges that defendants violated his rights to adequate medical care when they confiscated his ID/Canteen Card which caused him stress and chest pain for five days, without relief from any CSH staff, and kept him from walking for his health for five days. As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982). A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Id. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the

---

[2] The notation "Property of Coalinga State Hospital" is written on the front of the ID Card. Doc. 9, First Amd. Compl., Exh. C-1.

5

Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Plaintiff fails to allege facts demonstrating that defendants purposefully acted, knowing that Plaintiff faced a risk of significant injury, with harm caused by the indifference. Therefore, Plaintiff fails to state a claim for inadequate medical care.

**D.     Denial of Exercise**

Plaintiff alleges that defendants denied him the opportunity to walk the halls, due to the confiscation of his ID/Canteen Card. "[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (quoting Frazier v. Ward, 426 F.Supp 1354, 1367-69 (N.D.N.Y. 1977)). To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would violate the Eighth Amendment rights of the prisoner. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). As a detainee, Plaintiff is entitled to even more considerate treatment. Youngberg, 457 U.S.

at 321-22. However, Plaintiff's allegation that defendants denied him the opportunity to walk the halls for exercise for five days does not rise to the level of a constitutional violation. Therefore, Plaintiff fails to state a claim for violation of his constitutional rights due to denial of the opportunity to exercise.

### E. Mail Interference

Plaintiff alleges that defendants unlawfully removed mail from a postal box which belonged to the United States Postal Service. This allegation suggests a criminal action against defendants for theft of mail and possession of stolen mail.[3] As a rule, civil actions such as the present § 1983 action may be started by individuals, but criminal actions may only be started by the state or federal government and not by individuals. Indeed, with limited exceptions, none of which applies to §1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Therefore, Plaintiff is unable to bring a criminal action for theft of mail or possession of stolen mail under § 1983 against any of the defendants.

Plaintiff also brings a First Amendment claim with respect to defendants' interference with his outgoing mail. A civil detainee has a right to communicate by mail that is protected by the First Amendment. Procunier v. Martinez, 416 U.S. 396, 418 (1974); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prisoners and civilly committed persons have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401 407, 109 S.Ct. 1874 (1989). The Ninth Circuit has held that prison officials may examine a prisoner's communications without infringing upon his rights. U.S. v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir.1971). Courts have also upheld policies that call for inspection of non-legal mail for contraband. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991); Witherow, 52 F.3d 264; Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986). With regard to Plaintiff's status as a civil detainee, any restrictions on his First Amendment rights to send and receive mail must be non-punitive. Jones v. Blanas, 393 F.3d 981, 932 (9th Cir. 2004). In order to allege that punitive restrictions exist, a plaintiff must assert that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless

---

[3] Plaintiff states in the First Amended Complaint that "contraband or inspection [of the mail] is not at issue here." Doc. 9, First Amd. Cmpl. at 4:5 [pagination is that of the Court's CM-ECF system].

7

excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods. Id.; Bell v. Wolfish, 441 U.S. 520, 539, 99 S.Ct. 1861 (1979). Plaintiff has not set forth any facts supporting an allegation that defendants' interference with his mail was punitive. Therefore, Plaintiff fails to state a claim under the First Amendment for interference with his right to send mail.

### F. Violation of CSH Policies

To the extent that Plaintiff alleges violations by defendants of the CSH Operating Manual or Patients Bill of Rights, these allegations, without more, do not rise to the level of a constitutional claim. Violation of state tort law, state regulations, rules and policies of CSH, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, because Plaintiff fails to state any claims under § 1983, Plaintiff's state claims also fail.

### G. Equal Protection

Plaintiff claims his rights to equal protection were violated. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's complaint does not set forth any facts supporting a claim that any of the defendants treated him, either as a member of an identifiable group or as an individual, differently than they

treated other similarly situated individuals.  Therefore, Plaintiff fails to state a claim for violation of his rights to equal protection.

## V. RECOMMENDATION AND CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Therefore, **IT IS HEREBY RECOMMENDED** that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 27, 2011**                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE